51 F.3d 279
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul K. CHAMBERLAIN, Plaintiff-Appellant,
v.
UNION PACIFIC RAILROAD COMPANY, Defendant-Appellee.
 No. 93-55853.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 6, 1995.
Decided March 24, 1995.
 
 Before: TROTT, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 "The decisions of [the Supreme Court] after the 1939 amendments [to FELA] teach that the Congress vested the power of decision in these actions exclusively in the jury in all but the infrequent cases where fair-minded jurors cannot honestly differ whether fault of the employer played any part in the employee's injury." Rogers v. Missouri Pac. R.R. Co., 352 U.S. 500, 510 (1957) (footnote omitted). The issue in this case then becomes: Is this one of those "infrequent cases where fair-minded jurors cannot honestly differ?"
 
 
 3
 This is a close case. The railroad argues that whether the trenches were properly laid out has no bearing on the railroad's negligence. At first look, this argument appears to have merit. The trenches were there, Chamberlain was working on them, and their width and how they came to be there is not relevant to the inquiry. It further contends that his job required him to be there and pressures to do the job did not contribute to the accident.
 
 
 4
 However, the case of Davis v. Virginian Ry. Co., 361 U.S. 354 (1960), apparently not cited to the district court, teaches us otherwise. There, the Court faced a similar contention. Davis, as yard conductor, was assigned a job with two other crew members to shift railcars in the yard of a Ford Motor Company plant. He was asked to get it done during the company's lunch hour, approximately 30 minutes. The testimony was such that most agreed the minimum amount of time for such a job should have been at least 50 minutes. Also, the two crew members with him were inexperienced in this particular job. In order better to assist the brakeman, Davis took a position on top of the cars that were being moved rather than on the ground where supervision of this type of job normally took place. He was injured when he slipped while climbing down the ladder of one of the cars. The Supreme Court held that because he had been put in a position to get hurt by the possible negligence of the employer, such contention was enough to raise a question for the jury in a FELA action. Davis, 361 U.S. at 355-56.
 
 
 5
 In Davis, there was no showing that either the car or ladder was unsafe, merely that the pressures of the job put Davis in a position to be injured. Here, the pressure to finish the job within the time allowed, plus Chamberlain's claim that he was put in a position to get hurt, are sufficient to raise a factual question of the employer's negligence.
 
 
 6
 The railroad claims that Chamberlain has not met his burden of showing causation and foreseeability. The Supreme Court has held that these two elements are for the jury, particularly in an FELA case. See Gallick v. Baltimore & Ohio R.R. Co., 372 U.S. 108 (1963); Schulz v. Pennsylvania R.R. Co., 350 U.S. 523 (1956); Lavender v. Kurn, 327 U.S. 645 (1946); Tennant v. Peoria & P.U. Ry. Co., 321 U.S. 29 (1944).
 
 
 7
 REVERSED and REMANDED for trial.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3